**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
**www.flsb.uscourts.gov**

In re:

Chapter 13
Case No.: 24-22251-LMI

**MANUEL LORA,**

Debtor.

_____/

**SN SERVICING CORPORATION, AS SERVICER**
**FOR U.S. BANK TRUST NATIONAL ASSOCIATION**
**AS TRUSTEE OF THE CABANA SERIES III TRUST'S**
**MOTION FOR PROSPECTIVE RELIEF FROM THE AUTOMATIC STAY**

COMES NOW Secured Creditor, **SN SERVICING CORPORATION, AS SERVICER FOR U.S. BANK TRUST NATIONAL ASSOCIATION AS TRUSTEE OF THE CABANA SERIES III TRUST** ("**Movant**"), its successors and/or assigns, by and through undersigned counsel, pursuant to 11 U.S.C. § 362(d) moves this Honorable Court to grant relief from the automatic stay on a two-year prospective basis pursuant to section 11 U.S.C. § 362 (d)(4) and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure, so as to complete state court foreclosure proceedings through sale, Certificate of Title, and possession with respect to certain real property, more fully described below, and allow the state court to enter all necessary orders, judgments and decrees associated therewith (the "**Motion**"). In support of the Motion, the Movant respectfully states as follows:

**JURISDICTION AND VENUE**

1.    This Court has jurisdiction over this Motion pursuant 11 U.S.C. §§ 362, 1325(a)(3), FRBP 4001(a) and the various other applicable provisions of the United States

Bankruptcy Code, Federal Rules of Bankruptcy Procedure and the laws of the United States of America.

2.     This matter is a core proceeding pursuant to 28 U.S.C §157 (b)(2)(G), as this Motion seeks to terminate the automatic stay.

3.     Venue is proper in this District pursuant to 28 U.S.C. § 1408.


## PROCEDURAL BACKGROUND - INSTANT BKCY CASE

1.     On November 22, 2024 ("**Petition Date**"), Manuel Lora ("**Debtor**") filed a Voluntary Petition under Chapter 13 of the United States Bankruptcy Code [D.E. 1].

2.     On December 6, 2024, the Debtor filed a Plan [D.E. 16] which proposes to cure a pre-petition arrearage of $72,000.00 for Secured Creditor's Claim and pay a monthly post-petition payment of $800.00.

3.     On January 17, 2024, Secured Creditor filed its Total Debt Proof of Claim, Proof of Claim 5-1, with the total debt and arrearages in the amount of $213,616.14 in light of the loan maturing pre-petition, on November 1, 2023.


## BACKGROUND AND PATTERN
## OF MULTIPLE BANKRUTCY FILINGS

4.     On October 20, 2008, the Debtor executed and delivered a Promissory Note ("**Note**") and a Mortgage ("**Mortgage**") securing payment of the Note in the total amount of Ninety Two Thousand Dollars ($92,000.00) to Bank of America, N.A.

5.     The Mortgage was then recorded on November 6, 2008 in O.R. Book 26642, at Page 3636-3654 of the Public Records of Miami Dade County, Florida, and provides Movant

with a lien on the real property commonly known as *825 Brickell Bay Drive # 851, Miami, FL 33131* ("**Property**") and legally described as:

> **CONDOMINIUM UNIT 815 OF FOUR AMBASSADORS A CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF AS RECORDED IN OFFICIAL RECORDS BOOK 11121 AT PAGE 1614 OF THE PUBLIC RECORDS OF MIAMI DADE, COUNTY FLORIDA TOGETHER WITH ALL APPURTENANCE THERETO, AND AN UNDIVIDED INTEREST IN THE COMMON ELEMENTS OF SAID CONDOMINIUM.**

6.      On January 13, 2010 a foreclosure proceeding was commenced by Movant in the Circuit Court of the Eleventh Circuit in and for Miami Dade County, Florida, *Case No. 2010-012099-CA-01, BANK OF AMERICA  v. MANUEL LORA.* ("**Foreclosure Proceeding**").

7. On August 31, 2012, the Circuit Court entered a Consent Final Judgment of Foreclosure in the amount of $123,202.73 (the "Initial Final Judgment"). A True and correct copy of the Initial Final Judgment is attached as **Exhibit "A"**.  The foreclosure sale was initially scheduled for January 7, 2013.

8.      Movant asserts that during the period of January 4, 2013 through November 22, 2024, there has been a pattern of multiple bankruptcy case filings by the Debtor constituting a scheme to hinder or delay Movant's efforts in exercising its state court rights.  The multiple bankruptcy filings are detailed as follows:

> a. ***Case No. 13-10178-LMI*-** On January 4, 2013, the Debtor filed a Voluntary Chapter 7 petition (the "1st BKCY") in the Southern District of Florida which cancelled the initial foreclosure sale.  This 1st BKCY case was dismissed on August 16, 2013 for failure by Debtor to appear at the meeting of creditors and the case was terminated on September 18, 2013.  The foreclosure sale was subsequently rescheduled for July 15, 2014.

b. **Case No. 14-25901-AJC**– On July 14, 2014, the Debtor filed a Voluntary Chapter 13 petition ("2nd BKCY") in the Southern District of Florida which again stayed the foreclosure sale. This 2nd BKCY case was dismissed on September 15, 2014 for failure to make pre-confirmation plan payments. The foreclosure sale was subsequently rescheduled for August 25, 2015.

c. **Case No. 15-25247-LMI**– On August 24, 2015, the Debtor filed another Voluntary Chapter 13 petition ("3rd BKCY") in the Southern District of Florida which again stayed the rescheduled foreclosure sale. This 3rd BKCY case was dismissed on November 23, 2015 for failure to make plan payments. The foreclosure sale was subsequently rescheduled for June 8, 2016.

d. **Case No. 16-18139-RAM**– On June 7, 2016, on the eve of the rescheduled foreclosure sale, the Debtor filed another Voluntary Chapter 13 petition ("4th BKCY") in the Southern District of Florida which again cancelled the rescheduled foreclosure sale. This 4th BKCY case was dismissed on June 20, 2016 for failure to file information. The foreclosure sale was subsequently rescheduled for October 28, 2016.

e. **Case No. 16-24387-RAM** On October 26, 2016, the Debtor filed a Voluntary Chapter 13 petition ("5th BKCY") in the Southern District of Florida which again canceled the rescheduled foreclosure sale. In the 5th BKCY, the Debtor proposed to participate in mortgage modification mediation with Secured Creditor's predecessor through the Sixth Amended Plan. On May 31, 2018, the Court entered an Order Confirming the Sixth Amended Plan. On July 11, 2019, the Debtor filed the Fourth Modified Plan which proposed to treat Secured Creditor's predecessor's Claim direct and outside of the Plan. On August 21, 2019, the court approved the Fourth Modified Plan in the 5th BKCY. This 5th BKCY case ultimately resulted in a discharge on March 3, 2020.

On November 17, 2020, the Circuit Court entered a Final Judgment of Re-foreclosure in the amount of $123,202.73 (the "Final Judgment of Re-foreclosure"). A True and correct copy of the Final Judgment of Re-foreclosure is attached as **Exhibit "B"**. The foreclosure sale was rescheduled for January 11, 2021. However, that sale was eventually cancelled due to the Debtor's Motion to Cancel Foreclosure Sale and Reinstate Loan Modification. There was subsequent litigation in the Circuit Court as to the Debtor's Motion which was ultimately resolved by an Order Granting Motion to Reschedule Foreclosure Sale entered in the Circuit Court on July 9, 2024 and rescheduling the foreclosure sale for September 9, 2024.

f. ***Case No. 24-19168-CLC*** – On September 6, 2024, the Debtor again filed another Voluntary Chapter 13 petition ("6[th] BKCY") in the Southern District of Florida. This 6th BKCY case again cancelled the rescheduled foreclosure sale. This 6th BKCY case was dismissed on September 26, 2024 for failure to file information. The foreclosure sale was subsequently rescheduled for November 25, 2024.

g. **Current Case** – On November 22, 2024, the Debtor filed the instant case (the "Instant Case"), the Debtor's 7th bankruptcy case, which again cancelled the rescheduled foreclosure sale.

9.      A copy of the Foreclosure Proceedings case docket is hereto attached as **Exhibit "C"**.

10.     All of the Debtor's prior bankruptcy cases, except for one case, have resulted in case dismissals due to failure to file required documents or appear at the creditor's meeting, or failure to maintain plan payments.

## LEGAL BASIS FOR RELIEF

11.     Movant submits that it is entitled to prospective in rem relief from the automatic stay for cause, to wit, the prior bankruptcy filings and filing of the instant bankruptcy petition evidence a lack of good faith. *See In re Waldron*, 785 F.2d 936, 941 (11th Cir. 1986) ("whenever a Chapter 13 petition appears to be tainted by a questionable purpose, it is incumbent upon the bankruptcy courts to examine and question the Debtor's motives").

12.     Although the Bankruptcy Code does not define good faith or include an explicit requirement that petitions be filed in good faith, bankruptcy courts have repeatedly lifted the automatic stay and dismissed cases as bad faith filings. The inference that good faith is required in order for Debtors to continue to enjoy the exceptional relief afforded by the automatic stay and the other provisions of the Code upholds the integrity of the bankruptcy courts:

13.     Every bankruptcy statute since 1898 has incorporated literally, or by judicial interpretation, a standard of good faith for the commencement, prosecution, and confirmation of bankruptcy proceedings.  Such a standard furthers the balancing process between the interest of Debtors and creditors which characterizes so many provisions of the bankruptcy laws and is necessary to legitimize the delay and costs imposed upon parties to a bankruptcy.  Requirement of good faith prevents abuse of the bankruptcy process by Debtors whose overriding motive is to delay creditors without benefitting them in any way or to achieve reprehensible purposes.  Moreover, a good faith standard protects the jurisdictional integrity of the bankruptcy courts by rendering their most powerful equitable weapons (i.e., avoidance of liens, discharge of debts, marshaling and turnover of assets) available only to those Debtors and creditors with "clean hands*."     In re Little Creek Dev. Co*., 779 F.2d 1068, 1071-72 (5th Cir. 1986) (citations omitted).  *See also In re Waldron*, 785 F.2d 936 (11th Cir. 1986).

14.     Thus, a Chapter 13 Debtor has a duty to act without an intent merely to delay or hinder his creditors both in the filing of the case and the filing of the plan.

15.     All of the Circuit Courts have embraced a "totality of the circumstances" approach to analyzing good faith, which involves consideration of a number of factors related to the contents of a Debtor's plan as well as conduct of the Debtor, following the Eighth Circuit's lead in *In re Estus*, 695 F.2d 311 (8th Cir. 1982), and the Eleventh Circuit's later analysis in *In re Kitchens*, 702 F.2d 885 (11th Cir. 1983).

16.     According to *Kitchens*, the prior conduct of the Debtor can be considered in determining whether the Debtor is demonstrating the sincerity and effort required to pass muster under Section 1325(a)(3) of the Bankruptcy Code.  The Eleventh Circuit listed the following factors, among others, as indicative of bad faith:

(1)    the motivations of the Debtor and his sincerity in seeking relief under the provisions of Chapter 13;

(2)    the Debtor's degree of effort;

(3)    the frequency with which the Debtor has sought relief under the Bankruptcy Reform Act and its predecessors; [and]

(4)    the circumstances under which the Debtor has contracted his debts and has demonstrated bona fides, or lack of same, in dealings with his creditors.

17.    Here, the Debtor's history and timing of filing seven bankruptcy cases which cancelled a total of seven foreclosure sales demonstrate the continued effort by the Debtor to further frustrate and delay the Movant's efforts to complete the foreclosure sale of the Subject Property in state court and as such reflect a pattern of bad faith filings.

18.    The Debtor has created a pattern of malfeasance and systematic abuse of the bankruptcy system.  There is no explanation for this pattern other than unfair manipulation of the bankruptcy code to the prejudice of Movant and the Debtor's creditors.

Furthermore, 11 U.S.C. §362(d)(4)(B) provides:

(d) on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay

(4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either

A. transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or

B. multiple bankruptcy filings affecting such real property.

19.     It is clear from the history of this Mortgage account that the Debtor either does not have the ability or does not intend to make payments to Movant.

20.     Moreover, in light of the frequency of the Debtor's filings and Debtor's complete lack of effort in each prior filing except for one and the timing of the filing of each case, Movant respectfully suggests the Debtor's actions are indicative of the intention to delay and hinder Movant without benefit.  These actions are in contravention of the Bankruptcy Code's good faith provision, which serves to prevent the bankruptcy forum from becoming a revolving door for Debtors who, without any real ability or serious intention of abiding by the duties imposed by Title 11, seek only to delay just process.

21.     In light of the foregoing, Movant maintains that the history surrounding this Mortgage account justifies the entry of an order restricting any future imposition of the automatic stay for a period of two years as to the Property and Movant's current pending foreclosure action pursuant to 11 U.S.C. § 362(d)(4).

**WHEREFORE**, Movant respectfully requests that this Honorable Court enter an Order:

a.  terminating the automatic stay in favor of Movant as to the Property for a prospective period of two years;

b.  permitting Movant to take any and all steps necessary to exercise any and all rights it may have in the Property described herein; and

c.  granting any such other relief that the Court deems just and proper.

Respectfully submitted,

**GHIDOTTI | BERGER, LLP**
*Attorneys for Secured Creditor*
1031 North Miami Beach Blvd.
North Miami Beach, FL 33162
Telephone: 305.501.2808
Facsimile: 954.780.5578
bknotifications@ghidottiberger.com

By: /s/ Melbalynn Fisher
Melbalynn Fisher, Esq. (FL Bar #107698)


## CERTIFICATE PURSUANT TO LOCAL RULE 9011-4 (B)(1)

I hereby certify that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1(A).

By: /s/ Melbalynn Fisher
Melbalynn Fisher, Esq.


## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on February 5, 2025, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  I also certify that the foregoing document is being served this day, either via transmission of Notice of Electronic Filing generated by CM/ECF or by first class U.S. Mail, upon:


*Debtor*
**Manuel Lora**
825 Brickell Bay Dr., #851

*Debtors Counsel*
**Michael A. Frank**
2000 Northwest 89th Place

Miami, FL 33131

Suite 201
Doral, FL 33172

***U.S. Trustee***
**United States Trustee**
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

***Trustee***
**Nancy K. Neidich**
POB 279806
Miramar, FL 33027

By:_____/s/ Melbalynn Fisher_____
Melbalynn Fisher, Esq.

EXHIBIT "A"

IN THE CIRCUIT COURT OF THE [11TH] JUDICIAL CIRCUIT IN & FOR
Miami-Dade COUNTY, FLORIDA

Clerk Case Number: 2010 CA 012099 (23)
Division: Circuit Civil

Bank of America, National Association,
    Plaintiff(s),

vs.

Manuel Lora; The Four Ambassadors Master Association, Inc.

Defendant(s).

*FOR CLERK'S USE ONLY*

FINAL ORDERS AS TO ALL PARTIES
SRS DISPOSITION
NUMBER 3
THE COURT DISMISSES THIS CASE AGAINST
ANY PARTY NOT LISTED IN THE FINAL ORDER
OR PREVIOUS ORDER(S). THIS CASE IS CLOSED
AS TO ALL PARTIES
Judge's Initials *MHG*

## CONSENT FINAL JUDGMENT OF FORECLOSURE

### *Pursuant to Administrative Order 11-05*

**THIS** action was heard before the Court on Plaintiff's, Bank of America, National Association, Non-Jury Trial on August 31, 2012. On the evidence presented,
    **IT IS ORDERED AND ADJUDGED** that:

1. The Plaintiff's Judgment is **GRANTED**. Service of process has been duly and regularly obtained over the following defendants:

    **Manuel Lora; The Four Ambassadors Master Association, Inc.**

2. **Amount Due.** There is due and owing to the Plaintiff the following:

| | |
|---|---|
| Principal Due on Note and Mortgage | $88,957.58 |
| Pre-Acceleration Late Charges | $323.50 |
| Interest due from September 1, 2009 through August 31, 2012 at 6.75% | $18,005.83 |
| ADVANCES MADE AND PAID BY PLAINTIFF: | |
| Property Inspections: | $200.00 |
| Taxes paid on 07/23/2010 | $10,806.01 |
| Taxes paid on 11/10/2010 | $2,189.59 |
| Taxes paid on 11/04/2011 | $1,029.52 |
| Flood Insurance paid on 12/31/2009 | $515.70 |
| | |
| TOTAL ADVANCES: | $14,740.82 |
| SUBTOTAL: | $122,027.73 |
| | |
| FORECLOSURE COSTS: | |

| | |
|---|---|
| Complaint Filing Fee | $946.00 |
| Lis Pendens Filing Fee | $9.00 |
| Private Process Server at | |
| $55.00 / Manuel Lora | |
| $55.00 / The Four Ambassadors Master | |
| Association, Inc. | |
| $55.00 / Unknown Parties in Possession | |
| #1 | |
| $55.00 / Unknown Parties in Possession | |
| #2 | |
| | $220.00 |

TOTAL FORECLOSURE COSTS:                                    $1,175.00

JUDGMENT SUBTOTAL
                                                           $123,202.73

JUDGMENT GRAND TOTAL                                        <u>$123,202.73</u>

3. **Interest.** The grand total amount referenced in Paragraph 2 shall bear interest from this date forward at the prevailing legal rate of interest.

4. **Lien on Property.** Plaintiff, Bank of America, National Association, address is *400 Countrywide Way, Simi Valley, California 93065-6298*, and Plaintiff holds a lien for the grand total sum specified in Paragraph 2. The lien of the Plaintiff is superior in dignity to any right, title, interest or claim of the Defendants and all persons, corporations, or other entities, claiming by, through, or under the Defendants or any of them and the property will be sold free and clear of all claims of the Defendants, with the exception of any assessments that are superior pursuant to Florida Statute Section 718.116. The Plaintiff's lien encumbers the subject property located in Miami-Dade County and is described as:
   a. Property Address: <u>825 Brickell Bay Drive, Condo Unit # 851, Miami, FL 33131</u>
   b. Legal Description: <u>CONDOMINIUM UNIT 851 OF FOUR AMBASSADORS, A CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF, AS RECORDED IN OFFICIAL RECORDS BOOK 11121, PAGE 1614, OF THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA, TOGETHER WITH ALL APPURTENANCE THERETO, AND AN UNDIVIDED INTEREST IN THE COMMON ELEMENTS OF THE SAID CONDOMINIUM.</u>
   c. Parcel ID No. <u>0142070015000</u>

5. **Sale of Property.** If the grand total amount with interest at the rate described in Paragraph 3 and all costs accrued subsequent to this Judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on _____, 2012 to the highest bidder for cash, except as prescribed in Paragraph 6, at:

   [ ] Room 908, 140 West Flagler Street, Miami, Florida at 11:00am.

   [X] <u>www.miamidade.realforeclose.com</u> the clerk's website for on-line auctions at 9:00am.

after having first given notice as required by Section 45.031 Florida Statutes

6. **Costs.** Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if Plaintiff is not the purchaser of the property for sale. If Plaintiff is the purchaser, the Clerk shall credit Plaintiff's bid with the total sum with interest and costs accruing subsequent to this Judgment, or such part of it, as is necessary to pay the bid in full. The Clerk shall receive the service charge imposed in Section 45.031, Florida Statutes, for services in making, recording and certifying the sale and title that shall be assessed as costs.

7. **Right of Redemption.** On filing of the Certificate of Sale, Defendant's right of redemption as prescribed by Florida Statutes 45.0315 shall be terminated.

8. **Distribution of Proceeds.** On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the Plaintiff's costs; second, documentary stamps affixed to the Certificate; third, Plaintiff's attorney's fees; fourth, the sum total due to the Plaintiff, less the items paid, plus interest at the rate proscribed in Paragraph 2 from this date to the date of the sale. During the sixty (60) days after the Clerk issues the certificate of disbursements, the Clerk shall hold the surplus pending further Order of this Court.

9. **Right of Possession.** Upon the filing of the Certificate of Title, Defendant and all persons claiming under or against Defendant since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property and the purchaser at sale shall be let into possession of the property subject to the provisions of the "Protecting Tenant at Foreclosure Act 2009.

10. **NOTICE PURSUANT TO § 45.031, FLORIDA STATUTES (2006).**
IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THIS FINAL JUDGMENT.

IF YOU ARE A SUBORDINATE LIENHOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN SIXTY (60) DAYS AFTER THE SALE. IF YOU FAIL TO FILE A CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.

IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, 140 WEST FLAGLER STREET, ROOM 908, MIAMI, FLORIDA (TELEPHONE: (305) 375-5943) WITHIN (10) DAYS AFTER THE SALE TO SEE IF THERE IS ADDITIONAL MONEY FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF THE COURT.

IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL THE PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERRABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LEGAL AID SOCIETY AT THE DADE COUNTY BAR ASSOCIATION, 123 N.W. FIRST AVENUE, SUITE 214, MIAMI, FLORIDA, (TELEPHONE: (305) 579-5733), TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT THE DADE COUNTY BAR ASSOCIATION LEGAL AID, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER THE RECEIPT OF THIS NOTICE.

11. **Jurisdiction.** This Court retains jurisdiction of this action to enter further orders that are proper, including, without limitation, writs of possession, if appropriate.

12. The legal description in the subject mortgage used to identify the real property described by site address 825 Brickell Bay Drive, Condo Unit # 851, Miami, FL 33131 herein is hereby ratified, confirmed or reformed in the mortgage so that the legal description as contained herein shall be the same legal description on the mortgage.

13. The Plaintiff hereby waives it rights to seek a deficiency judgment against the Defendant, Manuel Lora.

**DONE AND ORDERED** in Open Court in Miami-Dade County, Florida, this _____ day of _____ , 2012.

_____
Presiding Judge

Copies furnished to:

SHAPIRO, FISHMAN & GACHÉ, LLP, 2424 North Federal Highway, Suite 360, Boca Raton, FL 33431 Fax: (561) 998-6707
Manuel Lora, 825 Brickell Bay Drive, Condo Unit # 851, Miami, FL 33131

The Four Ambassadors Master Association, Inc., c/o Nelson C. Keshen, Esquire., 9155 S Dadeland Blvd, Ste 1718, Miami, FL 33156

10-168684 FC01

COPY HAND DELIVERED
TO FL PS ALTY
IN LIEU OF MAILING

EXHIBIT "B"

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL
CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA**

CASE NO: 2010-012099-CA-01
SECTION: CA23
JUDGE: Barbara Areces

**Bank Of America (na)**

Plaintiff(s)

vs.

**Lora, Manuel**

Defendant(s)

_____/

## FINAL JUDGMENT OF REFORECLOSURE

**THIS ACTION** was heard before the Court on Plaintiff Assignee, **U.S. BANK TRUST NATIONAL ASSOCIATION, AS TRUSTEE OF THE CABANA SERIES III TRUST** Motion for Summary Final Judgment of Re-Foreclosure on **November 12, 2020**. On the evidence presented,

**IT IS ORDERED AND ADJUDGED** that Plaintiff's Motion for Summary Final Judgment is **GRANTED** against all Defendants listed by name: MANUEL LORA; THE FOUR AMBASSADORS MASTER ASSOCIATION, INC. KISLAK NATIONAL BANK, A NATIONAL BANKING ASSOCIATION, and BANCO POPULAR NORTH AMERICA.

1. **Amounts Due and Owing**.  The Plaintiff is due the following amounts:

      Principal due on the note secured by the mortgage foreclosed: $ 88,957.58

| | |
|---|---|
| Pre-acceleration Late Charges | $ 323.50 |
| Interest from 9/01/09 to 08/31/12 @ 6.75% | $ 18.005.83 |
| Taxes | $ 14,025.12 |
| Flood Insurance | $ 515.70 |
| Property Inspections | $ 200.00 |

Complaint Filing Fee                         $ 946.00

Lis Pendens Filing Fee                       $ 9.00

Private Process Server                       $ 220.00


**GRAND TOTAL**                              **$ 123,202.73**


2. **Interest**. The grand total amount referenced in Paragraph 1 shall bear interest from this date forward at the prevailing legal rate of interest, 5.37% a year.


3.     **Lien on Property**.  Plaintiff Assignee, **KONDAUR CAPITAL CORPORATION, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY IN ITS CAPACITY AS SEPARATE TRUSTEE OF MATAWIN VENTURES TRUST SERIES 2019-4,** whose address is c/o Ghidotti Berger, LLP, 1031 North Miami Beach Blvd, North Miami Beach, FL 33162, holds a lien for the grand total sum specified in paragraph 1 herein. The lien of the Plaintiff is superior in dignity to any right, title, interest or claim of the defendant(s) MANUEL LORA; THE FOUR AMBASSADORS MASTER ASSOCIATION, INC. KISLAK NATIONAL BANK, A NATIONAL BANKING ASSOCIATION, and BANCO POPULAR NORTH AMERICA, and all persons, corporations, or other entities claiming by, through, or under the defendants or any of them and the property will be sold free and clear of all claims of the defendants, with the exception of any assessments that are superior pursuant to Florida Statutes, Section 718.116. The Plaintiffs Lien encumbers the following described property in Miami-Dade County, Florida:


**UNIT NO. 815 OF THE FOUR AMBASSADORS, A CONDOMINIUM, ACCORDING TO THE DECLARATION OF CONDOMINIUM RECORDED IN O.R. BOOK 11121, PAGE 1614, AND ALL EXHIBITS AND AMENDMENTS THEREOF, PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.  NOTE:  UNIT NUMBER ON LEGAL SHOWN AS UNIT 815.**


**Property Address: 825 Brickell Bay Drive #851, Miami, FL 33131**

4.     **Sale of the Property**. If the grand total amount with interest at the rate described in Paragraph 1 and all costs accrued subsequent to this judgment are not paid, the Clerk of the Court shall sell the subject property at public sale on **January 11, 2021,** at 9:00 A.M. to the highest bidder for cash, except as prescribed in Paragraph 7, by electronic sale at https://www.miami-dade.realforeclose.com after having first given notice as required by Section 45.031, Florida Statutes.

5.     **Costs**. Plaintiff shall advance all subsequent costs of this action and shall be reimbursed for them by the Clerk if plaintiff is not the purchaser of the property for sale, provided, however, that the purchaser of the property for sale shall be responsible for documentary stamps affixed to the certificate of title.  If plaintiff is the purchaser, the Clerk shall credit plaintiff's bid with the total sum with interest and costs accruing subsequent to this judgment, or such part of it, as is necessary to pay the bid in full.  If Plaintiff incurs additional expenses subsequent to the entry of this final judgment but prior to the sale date specified in paragraph 4 herein, Plaintiff may, by written motion serve on all parties, seek to amend this final judgment to include said additional expenses.

6.     **Distribution of Proceeds**. On filing the Certificate of Title, the Clerk shall distribute the proceeds of the sale, so far as they are sufficient, by paying: first, all of the plaintiff's costs; second, documentary stamps affixed to the Certificate; third, plaintiff's attorneys' fees; fourth, the total sum due to the plaintiff, less the items paid, plus interest at the rate prescribed in paragraph 2 from this date to the date of the sale; and by retaining any remaining amount pending the further order of this Court.

7.     **Right of Possession**. Upon filing of the Certificate of Sale, defendant(s) and all persons claiming under or against defendant(s) since the filing of the Notice of Lis Pendens shall be foreclosed of all estate or claim in the property, except as to claims or rights under Chapter 718 or Chapter 720, Fla. Stat., if any.  Upon filing of the Certificate of Title, the person named on the Certificate of Title shall be let into possession of the property, subject to the provisions of the "Protecting Tenants at Foreclosure Act of 2009."

8.     **Jurisdiction**. The Court retains subject matter jurisdiction of this action to enter further Orders that are proper including, without limitation, writs of possession. In particular, the Court retains subject matter jurisdiction to allow a supplemental post-judgment proceeding to re-foreclose against an omitted party and to resolve the issues discussed in paragraph three (3).

9.     The Plaintiff may assignment the Judgment and credit bid by the filing of an assignment

without further Order of the Court.

10.    **Attorneys' Fees**. The requested attorney's fee is a flat rate fee that the firm's client has agreed to pay in this matter.  Given the amount of fee requested and the labor expended, the Court finds that a lodestar analysis is not necessary and that the flat fee is reasonable.

11.    Reformation. The legal description in the subject mortgage used to identify the real property described by site address 825 Brickell Bay Drive, Condo Unit # 851, Miami, FL 33131 herein is hereby ratified, confirmed or reformed in the mortgage so that the legal description as contained herein shall be the same legal description on the mortgage.

12.    The Plaintiff hereby waives its right to seek a deficiency judgment against the Defendant, Manuel Lora.

**IF THIS PROPERTY IS SOLD AT PUBLIC AUCTION, THERE MAY BE ADDITIONAL MONEY FROM THE SALE AFTER PAYMENT OF PERSONS WHO ARE ENTITLED TO BE PAID FROM THE SALE PROCEEDS PURSUANT TO THE FINAL JUDGMENT.**

**IF YOU ARE A SUBORDINATE LIEN HOLDER CLAIMING A RIGHT TO FUNDS REMAINING AFTER THE SALE, IN ANY, YOU MUST FILE A CLAIM WITH THE CLERK NO LATER THAN THE DATE THAT THE CLERK REPORTS THE FUNDS UNCLAIMED. IF YOU FAIL TO FILE A TIMELY CLAIM, YOU WILL NOT BE ENTITLED TO ANY REMAINING FUNDS.**

(If the property being foreclosed on has qualified for the homestead tax exemption in the most recent approved tax roll, the final judgment shall additionally contain the following statement in conspicuous type.)

**IF YOU ARE THE PROPERTY OWNER, YOU MAY CLAIM THESE FUNDS YOURSELF. YOU ARE NOT REQUIRED TO HAVE A LAWYER OR ANY OTHER REPRESENTATION AND YOU DO NOT HAVE TO ASSIGN YOUR RIGHTS TO ANYONE ELSE IN ORDER FOR YOU TO CLAIM ANY MONEY TO WHICH YOU ARE ENTITLED. PLEASE CHECK WITH THE CLERK OF THE COURT, 140 WEST FLAGLER STREET, ROOM 908, MIAMI, FLORIDA (TELEPHONE: (305) 375-5943), WITHIN (10) DAYS AFTER THE SALE TO**

**SEE IF THERE IS ADDITIONAL MONEY**

**FROM THE FORECLOSURE SALE THAT THE CLERK HAS IN THE REGISTRY OF**

**THE COURT.**

**IF YOU DECIDE TO SELL YOUR HOME OR HIRE SOMEONE TO HELP YOU CLAIM THE ADDITIONAL MONEY, YOU SHOULD READ VERY CAREFULLY ALL PAPERS YOU ARE REQUIRED TO SIGN, ASK SOMEONE ELSE, PREFERABLY AN ATTORNEY WHO IS NOT RELATED TO THE PERSON OFFERING TO HELP YOU, TO MAKE SURE THAT YOU UNDERSTAND WHAT YOU ARE SIGNING AND THAT**

**YOU ARE NOT TRANSFERRING YOUR PROPERTY OR THE EQUITY IN YOUR PROPERTY WITHOUT THE PROPER INFORMATION. IF YOU CANNOT AFFORD TO PAY AN ATTORNEY, YOU MAY CONTACT THE LEGAL AID SOCIETY AT THE**

**DADE COUNTY BAR ASSOCIATION, 123 N.W. FIRST AVENUE, SUITE 214, MIAMI, FLORIDA, (TELEPHONE: (305) 579-5733), TO SEE IF YOU QUALIFY FINANCIALLY FOR THEIR SERVICES. IF THEY CANNOT ASSIST YOU, THEY MAY BE ABLE TO REFER YOU TO A LOCAL BAR REFERRAL AGENCY OR SUGGEST OTHER OPTIONS. IF YOU CHOOSE TO CONTACT THE DADE COUNTY BAR ASSOCIATION LEGAL AID SOCIETY, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE. IF YOU CHOOSE TO CONTACT LEGAL AID SOCIETY, YOU SHOULD DO SO AS SOON AS POSSIBLE AFTER RECEIPT OF THIS NOTICE.**

**DONE** and **ORDERED** in Chambers at Miami-Dade County, Florida on this 17th day of November, 2020.



2010-012099-CA-01 11-17-2020 9:34 PM
Hon. Barbara Areces

**CIRCUIT COURT JUDGE**
Electronically Signed

<div style="border:1px solid red">

No Further Judicial Action Required on **THIS MOTION**

CLERK TO **RECLOSE** CASE IF POST JUDGMENT

</div>

**Electronically Served:**

Barry Fishman, SFGService@logs.com

Barry Fishman, courtxpress@firmsolutions.us

Heather Koch Torres, heather.koch@phelanhallinan.com

Juan C Herrera, notmonitored.jc@gmail.com

Juan Carlos Herrera, jherre01@hotmail.com

Lazaro J Lopez Esq, lazaro@lopezattorney.com

Nelson C. Keshen, nelson@keshenlaw.com

Tara Rosenfeld, trosenfeld@ghidottiberger.com

Tara Rosenfeld, fcpleadings@ghidottiberger.com

Tara Rosenfeld, ycobas@ghidottiberger.com

**Physically Served:**

EXHIBIT "C"



# JUAN FERNANDEZ-BARQUIN, ESQ.
## CLERK OF THE COURT AND COMPTROLLER
### MIAMI-DADE COUNTY

Contact Us    My Account    My Desk    

# CIVIL, FAMILY AND PROBATE COURTS ONLINE SYSTEM

◀◀ BACK

**BANK OF AMERICA (NA) VS LORA, MANUEL**

| | | | |
|---|---|---|---|
| **Local Case Number:** | 2010-012099-CA-01 | **Filing Date:** | 02/23/2010 |
| **State Case Number:** | 132010CA012099000001 | **Judicial Section:** | CA23 - Downtown Miami - Judge Perkins, Joseph D |
| **Consolidated Case No.:** | N/A | **Court Location:** | 73 West Flagler Street, Miami FL 33130 |
| **Case Status:** | RECLOSED | **Case Type:** | RPMF -Non-Homestead ($50,001 - $249,999) |

≣ Related Cases                                    Total Of Related Cases: 0  ➕

👥 Parties                                          Total Of Parties: 5  ➕

🔍 Hearing Details                                  Total Of Hearings: 14  ➕

🔊 Dockets                                          Total Of Dockets: 272  ➖

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 132 | 11/22/2024 | 34509:363 | Suggestion of Bankruptcy | Event | **BR: 24-22251**<br>Parties: Lora Manuel |
| 📄 | 130 | 10/21/2024 | | Certificate of Mailing | Event | |
| | 131 | 10/17/2024 | | No Further Judicial Action | Event | |
| 📄 | 129 | 10/17/2024 | | Order: | Event | **ON PLAINTIFF'S ASSIGNEE'S EX PARTE MOTION TO RESET FORECLOSURE SALE/GRANTED** |
| | 128 | 10/17/2024 | | Receipt: | Event | **RECEIPT#:3180279 AMT PAID:$70.00 NAME:JASON DUGGAR, ESQ. GHIDOTTI BERGER LLP 1031 N MIAMI BEACH BLVD NORTH MIAMI BEACH FL 33162 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3215-JUD ELECTRONIC SAL 1 $70.00 $70.00 TENDER TYPE:EFILINGS TENDER AMT:$70.00 RECEIPT DATE:10/17/2024 REGISTER#:318 CASHIER:EFILINGUSER** |
| 📄 | 127 | 10/16/2024 | | Motion to Set/Reset/Reschedule Foreclosure Sale | Event | |
| 📄 | 126 | 09/06/2024 | | Suggestion of Bankruptcy | Event | |
| 📄 | 125 | 08/30/2024 | | Motion: | Event | **FOR HEARING** |
| 📄 | 124 | 08/30/2024 | | Mortgage Foreclosure Publication Fee | Event | **SALE DATE SEPTEMBER 09, 2024.** |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| | 123 | 08/29/2024 | | Receipt: | Event | RECEIPT#:2450001 AMT PAID:$5.00 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3120-COPY $1.00 $5.00 TENDER TYPE:DISCOVER CARD TENDER AMT:$5.00 RECEIPT DATE:08/29/2024 REGISTER#:245 CASHIER:YADIE |
| 📄 | 122 | 08/12/2024 | | Notice of Sale | Event | SALE DATE: 9/9/2024 |
| 📄 | 121 | 07/18/2024 | | Certificate of Mailing | Event | |
| 📄 | 120 | 07/09/2024 | | Order Resetting Foreclosure Sale | Event | SALE DATE: 09/09/24 AND DENIED MOTION TO AMEND FINAL JUDGMENT NUNC PRO TUNC |
| 📄 | 119 | 06/21/2024 | | Order of Default | Event | Parties: Lora Manuel |
| | | 05/13/2024 | | Special Sets | Hearing | PLAINTIFFS ASSIGNEEMOTIONTORESCHEDULEFORECLOSURESALE ANDTOAMENDFINALJUDGMENT NUNCPROTUNC |
| 📄 | 117 | 04/30/2024 | | Motion for Continuance | Event | |
| 📄 | 116 | 04/29/2024 | | Order: | Event | GRANTING MOITON TO WITHDRAW |
| | | 04/25/2024 | | Motion Calendar | Hearing | MOTION TO WITHDRAWDOCKET NO. 114 FILED ON 41624 |
| 📄 | 115 | 04/18/2024 | | Notice of Hearing- | Event | 04/25/2024 AT 9:00 AM |
| 📄 | 114 | 04/16/2024 | | Motion to Withdraw | Event | |
| 📄 | 113 | 02/20/2024 | | Notice of Hearing- | Event | |
| 📄 | 112 | 02/11/2024 | | Notice of Hrg Special Appt | Event | 05-13-2024 AT 1:45 PM |
| | 111 | 01/19/2024 | | Receipt: | Event | RECEIPT#:3180211 AMT PAID:$70.00 NAME:JASON DUGGAR, ESQ. GHIDOTTI BERGER LLP 1031 N MIAMI BEACH BLVD NORTH MIAMI BEACH FL 33162 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3215-JUD ELECTRONIC SAL 1 $70.00 $70.00 TENDER TYPE:EFILINGS TENDER AMT:$70.00 RECEIPT DATE:01/19/2024 REGISTER#:318 CASHIER:EFILINGUSER |
| 📄 | 110 | 01/18/2024 | | Motion to Set/Reset/Reschedule Foreclosure Sale | Event | |
| 📄 | 109 | 01/24/2023 | | Notice: | Event | NOTICE OF CONCILIATION CONFERENCE. |
| 📄 | 108 | 01/13/2023 | | No Further Judicial Action | Event | 1/12/2023 |
| 📄 | 107 | 01/12/2023 | | Order Granting Motion to Compel | Event | |
| 📄 | 106 | 01/12/2023 | | Memorandum of Disposition | Event | HEARING DATE 1/11/2023 |
| | | 01/11/2023 | | Motion Calendar | Hearing | MOTION TO COMPEL A DATE CERTAIN FOR CONCILIATION CONFERENCE AND TO COMPEL DEFENDANT MANUEL LORA TO APPEAR TELEPHONICALLY |
| 📄 | 105 | 12/01/2022 | | Notice of Hearing- | Event | JANUARY 11, 2023, AT 9:00 A.M |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 104 | 11/17/2022 | | Motion to Compel | Event | |
| 📄 | 103 | 07/19/2022 | | Exhibit List | Event | Parties: Bank Of America (na) |
| 📄 | 102 | 07/13/2022 | | Memorandum of Disposition | Event | **HEARING DATE 07-11-2022** |
| 📄 | 101 | 07/11/2022 | | Evidence Admitted | Event | **DEF. EX. A - CITIDIRECT CHECK IMAGE DELIVERY (COMP 10 PAGES)- JULY 07, 2019** |
| | | 07/11/2022 | | Evidentiary Hearing | Hearing | **STATUS OF PROOF OF PLAN PAYMENTS** |
| 📄 | 100 | 07/08/2022 | | Evidence Submission EDP | Event | **DEF. EX A-1- FOR ID -CITIDIRECT CHECK IMAGE DELIVERY (COMP 10 PAGES)- JULY 07, 2019** |
| 📄 | 99 | 06/01/2022 | | Memorandum of Disposition | Event | **HEARING DATE 5/26/2022** |
| 📄 | 98 | 05/26/2022 | | Notice of Hearing- | Event | **7/11/2022 @9:00AM** |
| 📄 | 97 | 05/26/2022 | | Evidence Submission EDP | Event | **DEFT EXHIBIT D FOR ID (AMENDED BANK STATEMENT)** |
| | | 05/26/2022 | | Evidentiary Hearing | Hearing | **CONTINUATION OF EVIDENTIARY HEARING** |
| 📄 | 95 | 05/24/2022 | | Memorandum of Disposition | Event | **HEARING DATE 5/23/2022** |
| 📄 | 96 | 05/23/2022 | | Notice of Hearing- | Event | **MAY 26, 2022 AT 3:00PM VIA ZOOM** |
| 📄 | 94 | 05/23/2022 | | Evidence Submission EDP | Event | **DEFTS EXHIBIT C FOR ID (CERTIFICATE OF AUTHENTICITY)** |
| 📄 | 93 | 05/23/2022 | | Evidence Submission EDP | Event | **DEFTS EXHIBIT B FOR ID (AMENDED U.S. CORP INCOME TAX RETURN)** |
| 📄 | 92 | 05/23/2022 | | Evidence Submission EDP | Event | **DEFTS EXHIBIT A COMPOSITE FOR ID (BANK STATEMENT)** |
| | | 05/23/2022 | | Special Sets | Hearing | **PLAINTIFFS MOTION TO RESCHEDULE FORECLOSURE SALE** |
| 📄 | 91 | 04/05/2022 | | Memorandum of Disposition | Event | **HEARING DATE 1/10/2022** |
| 📄 | 90 | 02/11/2022 | | Notice of Hearing- | Event | **05/23/2022** |
| 📄 | 89 | 02/10/2022 | | Notice of Cancellation of Hearing | Event | |
| 📄 | 88 | 02/10/2022 | | Notice of Hearing- | Event | **5/23/2022 @9:45AM** |
| 📄 | 87 | 02/10/2022 | | Notice of Hearing- | Event | **5/16/2022 @9:30AM** |
| 📄 | 86 | 01/24/2022 | | Notice of Unavailability/absence | Event | |
| 📄 | 85 | 01/24/2022 | | Subpoena Served | Event | |
| | | 01/10/2022 | | Special Sets | Hearing | **MOTION TO RESET SALE** |
| 📄 | 84 | 12/16/2021 | | Subpoena | Event | |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 83 | 10/11/2021 | | Notice of Hearing- | Event | **JANUARY 10, 2022 @ 2:30 PM** |
| 📄 | 82 | 10/08/2021 | | Notice of Hearing- | Event | **01/10/2022 AT 2:30PM** |
| 📄 | 81 | 09/29/2021 | | Cancellation Notice | Event | |
| 📄 | 80 | 09/29/2021 | | Evidence Submission EDP | Event | **PLAINTIFF'S EXHIBIT 1-I FOR ID ONLY- MEMORANDUM IN OPPOSITION TO MOTION TO CANCEL SALE AND REINSTATE LOAN MODIFICATION PAYMENTS** |
| 📄 | 79 | 09/29/2021 | | Evidence Submission EDP | Event | **PLAINTIFF'S EXHIBIT 1-H FOR ID ONLY- LETTER DATED 12/5/2018 TO MANUEL LORA FROM BSI FINANCIAL SERVICES** |
| 📄 | 78 | 09/29/2021 | | Evidence Submission EDP | Event | **PLAINTIFF'S EXHIBIT 1-G FOR ID ONLY- LETTER DATED 6/10/2021 TO MR. LOPEZ FROM GHIDOTTI/BERGER** |
| 📄 | 77 | 09/29/2021 | | Evidence Submission EDP | Event | **PLAINTIFF'S EXHIBIT 1-F FOR ID ONLY-PLAINTIFF'S RESPONSE TO DEFENDANTS FIRST REQUEST FOR PRODUCTION** |
| 📄 | 76 | 09/29/2021 | | Evidence Submission EDP | Event | **PLAINTIFF'S EXHIBIT 1-E FOR ID ONLY-DEFENDANTS REQUEST FOR PRODUCTION** |
| 📄 | 75 | 09/28/2021 | | Evidence Submission EDP | Event | **PLAINTIFF'S EXHIBIT 1-D FOR ID ONLY- CITI LETTER OF PAYMENTS MADE DATED 2/10/2021** |
| 📄 | 74 | 09/28/2021 | | Evidence Submission EDP | Event | **PLAINTIFF'S EXHIBIT 1-C FOR ID ONLY- YANES ACCOUNTING SERVICES LETTER DATED 1/21/2021** |
| 📄 | 73 | 09/28/2021 | | Evidence Submission EDP | Event | **PLAINTIFF'S EXHIBIT 1-B FOR ID ONLY-DEFENDANTS PAYMENT AFFIDAVIT** |
| 📄 | 72 | 09/28/2021 | | Evidence Submission EDP | Event | **PLAINTIFF'S EXHIBIT 1-A FOR ID ONLY-CITIBANK STATEMENT FOR DECEMBER 2018** |
| 📄 | 71 | 09/17/2021 | | Amended Notice of Hearing | Event | **09/30/2021.** |
| 📄 | 70 | 07/19/2021 | | Notice of Hearing- | Event | **SEPTEMBER 30, 2021 AT 3:00PM** |
| 📄 | 69 | 07/16/2021 | | Notice of Hrg Special Appt | Event | |
| 📄 | 68 | 06/30/2021 | | Notice of Unavailability/absence | Event | |
| 📄 | 67 | 06/10/2021 | | Response to Request for Production | Event | |
| 📄 | 66 | 05/07/2021 | | Notice of Cancellation of Hearing | Event | |
| 📄 | 65 | 05/07/2021 | | Notice of Filing: | Event | **LETTER FROM CITI BANK ETC** |
| 📄 | 63 | 04/06/2021 | | Memorandum of Disposition | Event | **APRIL 1, 2021** |
| 📄 | 62 | 04/02/2021 | | Order: | Event | **ON PLAINTIFF'S MOTION TO STRIKE REQUEST FOR PRODUCTION AND MOTION FOR PROTECTIVE ORDER** |
| | | 04/01/2021 | | Motion Calendar | Hearing | **MOTION FOR PROTECTIVE ORDER AND SANCTIONS||MOTION TO STRIKE REQUEST FOR PRODUCTION AND MOTION FOR PROTECTIVE ORDER** |
| 📄 | 61 | 03/16/2021 | | Notice of Hearing Special Appt | Event | |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 60 | 03/12/2021 | | Memorandum of Disposition | Event | **MARCH 4, 2021** |
| 📄 | 59 | 03/10/2021 | | Notice of Hearing- | Event | **MAY 10, 2021 AT 11:30AM** |
| 📄 | 58 | 03/10/2021 | | Notice of Hearing- | Event | **04/01/2021** |
| | | 03/04/2021 | | Motion Calendar | Hearing | **MOTION TO RESET SALE** |
| 📄 | 57 | 03/02/2021 | | Notice of Filing: | Event | **AFFIDAVIT OF MANUEL LORA** |
| 📄 | 56 | 03/02/2021 | | Response to Motion | Event | **TO RESCHEDULE FORECLOSURE SALE** |
| 📄 | 55 | 02/24/2021 | | Notice of Hearing- | Event | **THURSDAY, MARCH 4, 2021, AT 9:00 A.M** |
| 📄 | 54 | 02/17/2021 | | Motion to Strike | Event | |
| 📄 | 53 | 02/17/2021 | | Motion for Protective Order | Event | |
| 📄 | 52 | 02/17/2021 | | Request for Production | Event | |
| 📄 | 51 | 02/12/2021 | | Notice of Hearing- | Event | **03/04/2021** |
| 📄 | 50 | 02/04/2021 | | Affidavit of: | Event | **OF IN SUPPORT OF PLAINTIFF'S MOTION TO RESCHEDULE SALE** |
| 📄 | 49 | 02/04/2021 | | Motion to Reset Sales Date | Event | |
| 📄 | 47 | 01/20/2021 | | Notice of Production | Event | **FROM NON-PARTY** |
| 📄 | 46 | 01/08/2021 | | Order Cancelling Foreclosure Sale | Event | **JANUARY 11, 2021 IS HEREBY GRANTED** |
| 📄 | 48 | 01/07/2021 | | Memorandum of Disposition | Event | **01/07/2021** |
| | | 01/07/2021 | | Special Sets | Hearing | **EMERGENCY MOTION** |
| 📄 | 45 | 01/04/2021 | | Notice of Filing: | Event | **TELEPHONE CONVERSATION TRANSCRIPT** |
| 📄 | 44 | 01/04/2021 | | Mortgage Foreclosure Publication Fee | Event | **01-11-21** |
| | 43 | 12/21/2020 | | Mortgage Collection Fee | Event | **AUCTION AND SALE FEE** |
| | 42 | 12/21/2020 | | Receipt: | Event | **RECEIPT#:2060018 AMT PAID:$140.00 NAME:GHIDOTTI BERGER,LLP COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3214-FORCL POST-SALE FE 1 $70.00 $70.00 3215-JUD ELECTRONIC SAL 1 $70.00 $70.00 TENDER TYPE:CHECK TENDER AMT:$140.00 RECEIPT DATE:12/21/2020 REGISTER#:206 CASHIER:E324335** |
| 📄 | 41 | 12/18/2020 | | Notice of Hearing- | Event | **H/01/07/2021 T/ 10:30 AM** |
| 📄 | 40 | 12/18/2020 | | Memorandum of Law | Event | **PLAINTIFF'S** |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 39 | 12/16/2020 | | Motion: | Event | **TO CANCEL FORECLOSURE SALE** |
| 📄 | 38 | 12/14/2020 | | Notice of Sale | Event | **01-11-21** |
| 📄 | 37 | 12/02/2020 | | Memorandum of Disposition | Event | **11/12/20 AT 09:00** |
| | 36 | 11/17/2020 | | Final Judgment by Judge | Judgment | **OF REFORECLOSURE** |
| 📄 | 35 | 11/17/2020 | 32205:576 | Final Judgment by Judge | Event | **OF REFORECLOSURE** Parties: Lora Manuel; Four Ambassadors Master Assn Inc (the); BANCO POPULAR NORTH AMERICA; KISLAK NATIONAL BANK |
| | | 11/12/2020 | | Motion Calendar | Hearing | **MOTION FOR SUMMARY FINAL JUDGMENT IN REFORECLOSURE** |
| 📄 | 34 | 10/26/2020 | | Notice of Sale | Event | **11-12-2020** |
| 📄 | 33 | 10/13/2020 | | Motion for Summary Judgment | Event | |
| 📄 | 32 | 09/30/2020 | | Default | Event | Parties: BANCO POPULAR NORTH AMERICA; KISLAK NATIONAL BANK |
| 📄 | 31 | 09/29/2020 | | Motion for Default | Event | |
| 📄 | 30 | 09/03/2020 | | Service Returned | Event | Parties: BANCO POPULAR NORTH AMERICA |
| 📄 | 29 | 09/03/2020 | | Service Returned | Event | |
| | | 08/26/2020 | | 20 Day Summons Issued | Service | |
| 📄 | 28 | 08/26/2020 | | ESummons 20 Day Issued | Event | Parties: KISLAK NATIONAL BANK |
| | | 08/26/2020 | | 20 Day Summons Issued | Service | |
| 📄 | 27 | 08/26/2020 | | ESummons 20 Day Issued | Event | Parties: BANCO POPULAR NORTH AMERICA |
| | 26 | 08/26/2020 | | Receipt: | Event | **RECEIPT#:2610001 AMT PAID:$20.00 NAME:ROSENFELD, TARA LAUREN GHIDOTTI BERGER LLP 1031 NORTH MIAMI BEACH BLVD NORTH MIAMI BEACH FL 33162 COMMENT: ALLOCATION CODE QUANTITY UNIT AMOUNT 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 3139-SUMMONS ISSUE FEE 1 $10.00 $10.00 TENDER TYPE:E-FILING ACH TENDER AMT:$20.00 RECEIPT DATE:08/26/2020 REGISTER#:261 CASHIER:EFILINGUSER** |
| 📄 | 25 | 07/10/2020 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 📄 | 24 | 07/10/2020 | | (M) 20 Day (C) Summons (Sub) Received | Event | |
| 📄 | 23 | 07/10/2020 | | Memorandum of Disposition | Event | |
| 📄 | 22 | 07/09/2020 | | Order on Motion to Compel | Event | |
| | | 07/09/2020 | | Motion Calendar | Hearing | **MOTION TO REFORECLOSE AND COMPEL REDEMPTION** |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | 21 | 05/08/2020 | | Notice of Hearing- | Event | **ON JULY 9, 2020 AT 9:00 AM** |
| 📄 | 20 | 05/05/2020 | | Notice of Cancellation of Hearing | Event | |
| 📄 | 19 | 04/17/2020 | | Response to Motion | Event | |
| 📄 | 18 | 04/01/2020 | | Notice of Hearing- | Event | |
| 📄 | 17 | 03/17/2020 | | Notice of Cancellation of Hearing | Event | **THE 3/19/20 HEARING AT 9:00 A.M. IS CANCELLED.** |
| 📄 | 16 | 03/13/2020 | | Response to Motion | Event | **TO REFORECLOSE** |
| 📄 | 15 | 03/04/2020 | | Order for Substitution of Counsel | Event | |
| 📄 | 14 | 03/03/2020 | | Notice of Filing: | Event | **STIPULATION FOR SUBSTITUTION OF COUNSEL AND CLIENT CONSENT** |
| 📄 | 13 | 02/28/2020 | | Notice of Hearing- | Event | **3/19/2020** |
| 📄 | 12 | 02/17/2020 | | Notice of Appearance | Event | Parties: Edwards Jimmy K; Bank Of America (na) |
| 📄 | 11 | 02/12/2020 | | Notice of Appearance | Event | Parties: Edwards Jimmy K; Bank Of America (na) |
| 📄 | 10 | 02/10/2020 | | Motion: | Event | **TO REFORECLOSE** |
| 📄 | 9 | 08/30/2017 | | Certificate of Service | Event | |
| 📄 | 8 | 08/29/2017 | | Order for Substitution of Counsel | Event | **GRANTED** <br> Parties: Bank Of America (na) |
| | 7 | 08/24/2017 | | Receipt: | Event | **RECEIPT#:3440094 AMT PAID:$50.00 NAME:CATELLI, BRIAN 2727 W CYPRESS CREEK RD FT LAUDERDALE FL 33309 ALLOCATION CODE QUANTITY UNIT AMOUNT 3117-REOPEN CASE FEE 1 $50.00 $50.00 TENDER TYPE:E-FILING ACH TENDER AMT:$50.00 RECEIPT DATE:08/24/2017 REGISTER#:344 CASHIER:EFILINGUSER** |
| 📄 | 6 | 08/21/2017 | | Certificate of Service | Event | |
| 📄 | 5 | 08/21/2017 | | Motion for Substitution of Counsel | Event | |
| 📄 | 4 | 08/02/2017 | | Notice of Appearance | Event | Parties: Erica Hengst Esq; Bank Of America (na) |
| 📄 | 3 | 04/14/2017 | | Notice of Filing: | Event | **BANKRUPTCY ORDER DISMISSING CASE** |
| 📄 | 2 | 11/03/2016 | | Order Case Pending Bankruptcy Stay | Event | |
| 📄 | 1 | 10/27/2016 | | Notice of Filing: | Event | **AFFIDAVIT OF POST JUDGMENT ADVANCES** |
| 📄 | | 10/27/2016 | | Notice of Bankruptcy | Event | **MANUEL LORA 16-24387-RAM** |
| 📄 | | 10/24/2016 | | Mortgage Foreclosure Publication Fee | Event | **FOR SALE OF 10/28/16** |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| | 09/26/2016 | | Notice of Sale | Event | **10-28-2016** |
| | 09/23/2016 | | Order Resetting Foreclosure Sale | Event | **SALE DATE: OCTOBER 28, 2016** |
| | 09/14/2016 | | Motion to Reset Sales Date | Event | |
| | 09/09/2016 | | Notice of Filing: | Event | **BANKRUPTCY ORDER DISMISSIG CASE** |
| | 06/15/2016 | | Order Case Pending Bankruptcy Stay | Event | |
| | 06/07/2016 | | Notice of Bankruptcy | Event | **16-18139-RAM MANUEL LORA** |
| | 05/27/2016 | | Mortgage Foreclosure Publication Fee | Event | **FOR SALE DATE OF 6/8/16** |
| | 05/09/2016 | | Notice of Sale | Event | **06-08-2016** |
| | 04/13/2016 | | Order Resetting Foreclosure Sale | Event | **SALE DATE: 06/08/2016** |
| | 04/11/2016 | | Motion to Reset Sales Date | Event | |
| | 03/30/2016 | | Notice of Filing: | Event | **AFF OF POST JUDGMENT ADVANCES** |
| | 03/17/2016 | | Order Case Pending Bankruptcy Stay | Event | |
| | 03/15/2016 | | Notice of Bankruptcy | Event | **MANUEL LORA 16-25247-LMI** |
| | 03/11/2016 | | Motion: | Event | **TO CANCEL SALE** |
| | 03/11/2016 | | Notice of Hearing- | Event | **03/15/2016 @ 9:00AM** |
| | 03/07/2016 | | Mortgage Foreclosure Publication Fee | Event | **SALE DATE: 03-16-2016** |
| | 02/17/2016 | | Notice of Sale | Event | **03-16-2016** |
| | 02/10/2016 | | 5 Minute Motion Calendar | Hearing | **P- MOT TO RESCHEDULE F. SALE** |
| | 02/04/2016 | | Cancellation Notice | Event | |
| | 01/28/2016 | | Order Resetting Foreclosure Sale | Event | **SALE DATE: 03/16/2016** |
| | 01/15/2016 | | Notice of Hearing- | Event | **02/10/2016** |
| | 01/08/2016 | | Motion to Reset Sales Date | Event | |
| | 01/05/2016 | | Notice of Filing: | Event | **ORDER DISMISSING CASE FOR FAILURE TO MAKE PRE-CONFIRMATION PLAN PAYMENTS AND FOR FAILURE TO APPEAR AT THE SECTION 341 MEETING OF CREDITORS** |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| 📄 | 08/26/2015 | | Order Case Pending Bankruptcy Stay | Event | |
| 📄 | 08/24/2015 | | Notice of Bankruptcy | Event | **MANUEL LORA 15-25247-LMI** |
| 📄 | 08/20/2015 | | Cancellation Notice | Event | **08/24/2015** |
| 📄 | 08/17/2015 | | Mortgage Foreclosure Publication Fee | Event | **SALE DATE: 08/25/2015** |
| 📄 | 08/13/2015 | | Notice of Hearing- | Event | **08/24/2015** |
| 📄 | 08/11/2015 | | Motion: | Event | **TO CANCEL FORECLOSURE SALE** |
| 📄 | 07/29/2015 | | Notice of Sale | Event | **08-25-2015** |
| 📄 | 06/24/2015 | | Order Resetting Foreclosure Sale | Event | **SALE DATE: 08/25/2015** |
| 📄 | 06/24/2015 | | Memorandum of Disposition | Event | **PLTF.MOT.TO RE-SCHEDULE FORECLOSURE SALE** |
| | 06/24/2015 | | 5 Minute Motion Calendar | Hearing | **P- MOT TO RESCHEDULE F. SALE** |
| 📄 | 06/16/2015 | | Letter of Correspondence | Event | **TO JUDGE ARECES FROM MANUEL LORA, (ATTACHMENT)** |
| 📄 | 05/21/2015 | | Notice of Hearing- | Event | **06/24/2015** |
| 📄 | 11/07/2014 | | Motion: | Event | **TO RESCHEDULE FORECLOSURE SALE** |
| 📄 | 11/04/2014 | | Notice of Filing: | Event | **BANKRUPTCY ORDER DISMISSING CASE** |
| 📄 | 07/15/2014 | | Order Case Pending Bankruptcy Stay | Event | |
| 📄 | 07/14/2014 | 29227:4508 | Recorded Document | Event | **B: 29227 P: 4508 NOTICE OF BANKRUPTCY CASE FILING-14-25901-AJC** |
| | 07/14/2014 | | Mortgage Foreclosure Sale Cancelled | Event | **07/15/2014 09:00 AM CANCELLED PER BANKRUPTCY** |
| 📄 | 07/07/2014 | | Mortgage Foreclosure Publication Fee | Event | **195.00 SALE DATE OF 07/15/2014** |
| 📄 | 07/03/2014 | | Order: | Event | **DENYING MANUEL LORA'S REQUEST FOR TIME TO FIND COUNSEL** |
| 📄 | 06/17/2014 | | Notice of Sale | Event | |
| 📄 | 06/06/2014 | | Notice of Hearing- | Event | **MOTIONS 07/02/2014 09:00 AM** |
| | 05/15/2014 | | Mortgage Foreclosure Sale Date | Event | **MTGE FORECLSU 07/15/2014 09:00 AM** |
| 📄 | 05/14/2014 | | Order Resetting Foreclosure Sale | Event | **TO JULY 15, 2014** |
| 📄 | 04/29/2014 | | Notice of Filing: | Event | **PROOF OF SERVICE** |

| | Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|---|
| 📄 | | 04/16/2014 | | Order: | Event | **GRANTING WITHDRAWAL** |
| 📄 | | 04/14/2014 | | Request: | Event | **TIME TO FIND COUNSEL** |
| 📄 | | 04/03/2014 | | Notice of Hearing- | Event | **MOTIONS 05/14/2014 09:00 AM** |
| 📄 | | 04/02/2014 | | Notice of Hearing- | Event | **MOTIONS 04/16/2014 09:00 AM** |
| 📄 | | 04/02/2014 | | Motion to Withdraw | Event | |
| 📄 | | 03/31/2014 | | Motion: | Event | **TO RESCHEDULE FORECLOSURE SALE** |
| 📄 | | 02/27/2014 | | Notice of Filing: | Event | **BANKRUPTCY ORDER** |
| 📄 | | 01/08/2013 | 28437:0655 | Recorded Document | Event | **B: 28437 P: 0655 SUGGESTION OF BANKRUPTCY MANUEL LORA & JACKUELINE CALDER** |
| | | 01/07/2013 | | Mortgage Foreclosure Sale Cancelled | Event | **01/07/2013 09:00 AM CANCELLED PER BANKRUPTCY** |
| | | 12/28/2012 | | Mortgage Foreclosure Publication Fee | Event | **165.00 FOR SALE OF 1/7/13** |
| 📄 | | 12/19/2012 | 28409:4943 | Assignment of Bid | Event | **B: 28409 P: 4943 FNMA** |
| | | 12/07/2012 | | Notice of Sale | Event | |
| | | 09/13/2012 | | Mortgage Collection Fee | Event | **70.00** |
| 📄 | 64 | 09/12/2012 | | Exhibit List | Event | **ORIGINAL NOTE AND COPY OF MORTGAGE.** |
| | | 09/04/2012 | | Motion to Dismiss | Event | |
| | | 08/31/2012 | | Final Judgment by Non Jury Trial | Judgment | **N $ 123202.73 BK:28254 PG:1804 CONSENT** |
| | | 08/31/2012 | | Affidavit of: | Event | **COSTS** |
| | | 08/31/2012 | | Final Disposition Document | Event | |
| 📄 | | 08/31/2012 | 28254:1804 | Final Judgment | Event | **N $ 123202.73 BK:28254 PG:1804 CONSENT** Parties: Lora Manuel; Four Ambassadors Master Assn Inc (the) |
| | | 08/31/2012 | | Mortgage Foreclosure Sale Date | Event | **MTGE FORECLSU 01/07/2013 09:00 AM** |
| 📄 | | 08/30/2012 | 28254:4709 | Bond $ | Event | **$ 100.00 BK:28254 PG:4709 NON RESIDENT COST BOND** Parties: Bank Of America (na) |
| | | 08/30/2012 | | Court Registry Deposit | Event | **$ 100.00 SHAPIRO, FISHMAN & GACHE, LLP** |
| | | 08/30/2012 | | Text | Event | **NON-RESIDENT COST BOND** |
| | | 08/28/2012 | | Motion to Dismiss | Event | |
| | | 08/17/2012 | | Order: | Event | **RO PLNTF TO SUBMT CURRNT,ACCURTE SERVICE LIST AND...** |
| | | 08/16/2012 | | Text | Event | **PLT AMENDED WITNESS LIST** |
| | | 07/17/2012 | | Witness List | Event | Parties: Bank Of America (na) |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|---|---|---|---|---|---|
| | 07/17/2012 | | Exhibit List | Event | **EXHIBIT LIST** |
| 📄 | 06/22/2012 | | Affidavit of: | Event | **(REDACTED)** |
| | 06/22/2012 | | Motion for Default | Event | |
| | 06/22/2012 | | Non-Military Affidavit | Event | |
| 📄 | 06/11/2012 | 28143:4916 | Court Order (Recordable) | Event | **B: 28143 P: 4916 CIV12-C DISSOLUTI0N OF STAY IN RES MTGE FORECL CASES.** |
| | 05/15/2012 | | Order: | Event | **NON JURY TRIAL FOR 8/31/12 @ 9:30 A.M. CT RM 2-1** |
| | 05/10/2012 | | Notice of Non-Jury Trial | Event | |
| | 04/19/2012 | | Answer and Affirmative Defense | Event | **ATTORNEY:00142694** Parties: Four Ambassadors Master Assn Inc (the) |
| | 03/27/2012 | | Amended Complaint | Event | |
| | 03/21/2012 | | Order: | Event | **GRANTING MOTION TO AMEND COMPLAINT** |
| | 03/06/2012 | | Notice of Hearing- | Event | **MOTIONS 03/21/2012 09:30 AM** |
| | 02/21/2012 | | Request: | Event | **FOR ENLARGEMENT OF TIME** |
| | 02/13/2012 | | Notice of Hearing- | Event | **MOTIONS 02/22/2012 08:30 AM** |
| | 02/06/2012 | | Motion to Quash | Event | |
| | 01/10/2012 | | Mot to File Amended Complaint | Event | |
| | 11/14/2011 | | Order: | Event | **UPON PLAINT. MTN TO STRIKE DEFT. ETC** |
| | 10/21/2011 | | Notice of Hearing Set- | Event | **MOTIONS 11/10/2011 08:30AM LS:01:23** |
| | 10/21/2011 | | Motion to Strike | Event | |
| | 10/11/2011 | | Order: | Event | **UPON CASE MANAGEMENT** |
| | 10/07/2011 | | Notice of Hearing Set- | Event | **MOTIONS 10/26/2011 08:30AM LS:01:23** |
| | 10/07/2011 | | Motion to Strike | Event | |
| | 09/28/2011 | | Motion to Strike | Event | |
| | 09/21/2011 | | Answer | Event | **ATTORNEY:88888888** Parties: Lora Manuel |
| | 09/06/2011 | | Text | Event | **CASE MANAGEMENT CONFERENCE** |
| | 07/21/2011 | | Order Setting Case Status Report Hearing | Event | **10/07/2011 09:00 AM** |
| | 05/31/2011 | | Notice: | Event | **OF CHANGE OF FIRM NAME & ATTY OF RECORD WITHIN FIRM** |
| | 11/05/2010 | | Motion to Stay | Event | |
| | 11/05/2010 | | Order: | Event | **ON MTN FOR MORITORIUM IS STAYED;PENDING AFFIDAVIT REVIEW** |
| | 11/05/2010 | | Order Case Pending Stay-Abate Moratorium | Event | **FILED 11/4/10** |
| | 10/20/2010 | | Notice of Hearing Set- | Event | **MOTIONS 11/04/2010 09:30AM** |

| Number | Date | Book/Page | Docket Entry | Event Type | Comments |
|--------|------|-----------|--------------|------------|----------|
| | 07/13/2010 | | Pn's Cert of Residential Mortgage Foreclosure Case Status | Event | |
| | 07/13/2010 | | Certificate of Compliance | Event | |
| | 07/13/2010 | | Aff In Support of Mtn for Final/summary Judgment | Event | |
| | 07/13/2010 | | Text | Event | **AMENDED AFFIDAVIT AS TO ATTORNEYS FEES** |
| | 07/13/2010 | | Affidavit as to Costs | Event | |
| | 07/13/2010 | | Affidavit of: | Event | **PLAINTIFFS COUNSEL** |
| | 07/13/2010 | | Motion for Summary Judgment | Event | |
| | 03/30/2010 | | Default | Event | Parties: Lora Manuel |
| | 03/26/2010 | | Notice: | Event | **DROPPING PARTY** |
| | 03/26/2010 | | Non-Military Affidavit | Event | |
| | 03/26/2010 | | Motion for Default | Event | |
| | 03/25/2010 | | Affidavit as to Attorney Fees | Event | |
| | 03/16/2010 | | Service Returned | Event | **BADGE # 1713 P 03/02/2010** Parties: Lora Manuel |
| | 03/16/2010 | | Service Returned | Event | **BADGE # 1713 P 03/01/2010** Parties: Four Ambassadors Master Assn Inc (the) |
| | 03/16/2010 | | Service Return for Unknown Party | Event | |
| | 03/16/2010 | | Service Return for Unknown Party | Event | |
| | 03/04/2010 | | Answer and Affirmative Defense | Event | **ATTORNEY:00142694** Parties: Four Ambassadors Master Assn Inc (the) |
| 📄 | 03/04/2010 | 27202:3962 | Lis Pendens | Event | **B: 27202 P: 3962** |
| | 02/23/2010 | | Summons Issued | Event | Parties: Lora Manuel; Four Ambassadors Master Assn Inc (the) |
| | 02/23/2010 | | Filing Fee For Mortgage Foreclosure | Event | **$ 906.00** |
| | 02/23/2010 | | Complaint | Event | |
| | 02/23/2010 | | Civil Cover | Event | |

◀◀ BACK

**Please be advised:**

The Clerk's Office makes every effort to ensure the accuracy of the following information; however it makes no warranties or representations whatsoever regarding the completeness, accuracy, or timeliness of such information and data. Information on this website has been posted with the intent that it be readily available for personal and public non-commercial (educational) use and to provide the public with direct online access to information in the Miami-Dade Clerk's Office information systems. Other than making limited copies of this website's content, you may not reproduce, retransmit, redistribute, upload or post any part of this website, including the contents thereof, in any form or by any means, or store it in any information storage and retrieval system, without prior written permission from the Miami-Dade Clerk's Office.

If you are interested in obtaining permission to reproduce, retransmit or store any part of this website beyond that which you may use for personal use, as defined above, visit our Web API Services. You can review the complete Miami-Dade County Disclaimer.

General

Online Case Home

Civil / Family Courts Information

Login

Help and Support

Clerk's Home

Privacy Statement

ADA Notice

Disclaimer

Contact Us

About Us



Juan Fernandez-Barquin, Esq.
Clerk of the Court and Comptroller
Miami-Dade County

73 W. Flagler Street
Miami, Florida 33130

305-275-1155

©2024 Clerk of the Court & Comptroller. All rights reserved.