UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI-DADE DIVISION

CASE NO.:24-22251-LMI
IN RE:                                                                    CHAPTER 13

MANUEL LORA
    Debtor.
_____/


**<u>RESPONSE TO U.S. BANK TRUST NATIONAL ASSOCIATION'S MOTION FOR PROSPECTIVE RELIEF FROM THE AUTOMATIC STAY</u>**

    **COMES NOW** the attorney for Debtor, Manuel Lora, files this *RESPONSE TO U.S. BANK TRUST NATIONAL ASSOCIATION'S MOTION FOR PROSPECTIVE RELIEF FROM THE AUTOMATIC STAY,* and as cause therefore states as follows;

1. Based on his knowledge and belief, the Debtor states in Schedule A/B, this property is worth $280,000.00.
2. The secured creditor's Proof of Claim states that $213,616.14 is due to pay off this loan, which leaves approximately $70,000.00 of equity in the property.
3. The Proof of Claim states that on June 16, 2021, the prior servicer gave credit to the Debtor for $40,400.67, believed to be a partial payment of the monies paid from the trustee to the secured creditor in a prior bankruptcy. Additionally, the secured creditor has charged flood insurance advances for $2,308.89. The Debtor lives in a condominium which pays for the necessary. Counsel for the creditor has been provided proof of insurance.
4. The Debtor believes that the trustee has paid the secured creditor in access of $91,000.00 in his prior six chapter bankruptcies. As stated above, there was a $40,400.67 credited to the Debtor, but it is unknown what that credit is for. The undersigned assumes the credit is for a partial payment from the Trustee to the secured creditor in a prior Chapter 13 case.
5. The Debtor participated in an MMM in a prior bankruptcy and made approximately 12 months of payments outside of the bankruptcy. The Debtor has not received a credit for that amount.

6. Even though there are factors under In re: Kitchens, this case may look like it was not filed in good faith. However, because the property has significant equity, there is no prejudice to the creditors by allowing this case to be paid off through the Chapter 13 bankruptcy. Many bankruptcies were filed Pro-Se or the Debtor took over after his attorney withdrew. Additionally , the Debtor in those cases made significant payments to the secured creditor.

7. As stated above, significant Payments were made both through the prior bankruptcy and outside the prior bankruptcy in an MMM attempt, for which the Debtor has not received credit for the payments made.

**WHEREFORE**, the Debtor requests time to obtain ledgers from the Trustee from the Debtor's prior cases indicating how much the secured creditors actually received. The Debtor will also provide checks indicating the MMM payments he made to the Lender directly to further reduce the payments due to this secured creditor. The Debtor therefore requests that perspective relief from stay not be granted to give the Debtor a chance to payoff the actual secured amounts due to the secured creditor.

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I am admitted to the Bar of the United States District Court for the Southern District of Florida and I am in compliance with the additional qualifications to practice in this Court set forth in Local Rule 2090-1 (A) and that a true and correct copy of the *RESPONSE TO U.S. BANK TRUST NATIONAL ASSOCIATION'S MOTION FOR PROSPECTIVE RELIEF FROM THE AUTOMATIC STAY* was sent via email to all those set forth in the NEF on this 10th day, of February 2025.

>Law Office of Michael Brooks
>Attorney for the Debtor
>8660 West Flagler Street, Suite 100
>Miami, FL 33144
>Telephone 877-290-9197
>
>By __/s/  Michael J. Brooks____
>   Michael J. Brooks
>   Florida Bar No. 434442